quently acquired jurisdiction over the person of the accused by virtue of a charge for the same offense.

 We are not prepared to so hold. It has been the consistent holding of this Court that, where the accused raised the question of the jurisdiction of his person by the court which had subsequently acquired jurisdiction of the offense, such a plea should have been sustained. Ringer v. State, 135 Tex.Cr.R. 573, 121 S.W.2d 364; and Leberman v. State, 139 Tex.Cr.R. 243, 139 S.W.2d 813.

It has also been the uniform holding of this Court that, where the indictment in the court having first acquired jurisdiction had been dismissed, then the accused could not complain that the court which later acquired jurisdiction was not a proper tribunal to try him. Epps v. State, 130 Tex.Cr.R. 398, 94 S.W.2d 441; and Wright v. State, 126 Tex.Cr.R. 288, 70 S. W.2d 711.

It follows logically therefrom that the purpose of the statute is to prevent confusions and contentions between courts seeking to exercise jurisdiction and does not render proceedings in the second court void.

In Pearce v. State, 50 Tex.Cr.R. 507, 98 S.W. 861, 863, in discussing a case where a plea to the jurisdiction of the court *was* actually interposed, we said:

"We therefore believe that, Hartley county having acquired jurisdiction of the case and appellant asserting his right to be tried in that county, by reason of the prior indictment, his contention should have been sustained. But we do not hold that, if he had not interposed his plea, the judgment of Dallam county would, therefore, be illegal. The party under such circumstances must assert what he believes to be his legal rights in the premises, and he can waive venue in matters of this sort as well as he could in civil cases."

Again, in Pittcock v. State, 73 Tex.Cr.R. 1, 163 S.W. 971, 973, we said:

"* * * the defendant may set up by proper pleading the question of jurisdiction, or he may waive such right."

Had the relator wished to invoke the provisions of Article 64, he should have done so before the tribunal which tried him. He may not raise this question for the first time on habeas corpus in this Court.

Motion for rehearing is overruled.

## BIGGS v. STATE.

### No. 25935.

Court of Criminal Appeals of Texas.
June 28, 1952.

Chas. H. Dean, Plainview, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

DAVIDSON, Commissioner.

This purports to be an appeal from a conviction for unlawfully selling and delivering whisky in a dry area.

The record before us contains no final judgment, without which this court has no jurisdiction to entertain the appeal. 4 Tex.Jur., Sec. 16, p. 32; Sharp v. State, Tex.Crim.App., 219 S.W.2d 810.

Accordingly, the state's motion to dismiss the appeal for lack of jurisdiction is granted, and the appeal is dismissed.

Fifteen days are allowed within which to reinstate the appeal upon a proper showing of a final judgment.

Opinion approved by the Court.